The Attorney General is in receipt of your correspondence of March 8, 1979, wherein you ask, in effect, the following questions: 1. Do the provisions of 70 O.S. 6-102.3 [70-6-102.3] (1978) prohibit any person other than those mentioned from attending an executive session and listening to responses and information concerning teacher evaluation, dismissal or employment? 2. If the school board voted to allow the media to attend the meeting, would the board be liable if the press were in attendance at the meeting and reported the proceedings ? The specific statutory section to which you make reference in your questions, 70 O.S. 6-102.3 [70-6-102.3], reads as follows: "Whenever any evaluation is made of a teacher, a true copy of the evaluation shall be presented to the teacher. The teacher shall acknowledge the written evaluation by his signature thereon. Within two (2) weeks after the evaluation, the teacher may respond and said response shall be made part of the record. Except by order of a court of competent jurisdiction, evaluation documents and the responses thereto shall be available only to the evaluated teacher, the board of education, the administrative staff making the evaluation, the board and administrative staff of any school to which such teacher applies for employment, the hearing panel described herein and such other persons as are specified by the teacher in writing." Strictly speaking, the provisions of 70 O.S. 6-102.3 [70-6-102.3] have no relation to the holding of an executive session by the school board. The purpose of the legislation is to provide for the procedure by which teacher evaluations are to be conducted, notice to the teacher of the contents of the evaluation, and the confidentiality of the teacher evaluations and responses thereto by the individual teacher. It is not unusual for teacher evaluations to become evidentiary materials in the course of proceedings which may result in the nonrenewal of a teacher. To the extent that teacher evaluations may become relevant to the deliberations of a board of education in the process of deciding whether or not a teacher will be renewed, the nondisclosure provisions of 70 O.S. 6-102.3 [70-6-102.3] may have some direct impact upon the conduct of a school board meeting whether in open or executive session. Teacher evaluations and any responses by the teacher to the evaluation may only be disclosed to such persons as are named in the statute or such other persons as may be specified by the teacher in writing. Unless the teacher who is the subject of the proceedings before the board affirmatively waives any rights to the nondisclosure of the contents of the evaluations or responses, those documents are not a proper subject for dissemination to the public, including the news media, in the course of any meeting of the board, whether the session be open or executive, or at any other time. This does not mean that the teacher evaluations and responses may not be considered and discussed by the board as part of its deliberations in an executive session. With respect to your second inquiry on potential civil liability for disclosure of the evaluation or response, this office is not in a position to advise you with any degree of certainty. The Oklahoma Supreme Court has recently handed down an opinion recognizing for the first time in the State a cause of action for civil damage by reason of an invasion of privacy. Munley v. ISC Financial House, Inc., Okl. 584 P.2d 1336 (1978). Whether a school board would face potential liability would depend entirely upon the willingness of the Supreme Court to expand this new cause of action to include a remedy for unauthorized disclosures of the type stated in your question. This office is, for the above reason, unable to respond to your second question. Therefore, it is the opinion of the Attorney General that in any meeting of the board the contents of the teacher evaluations and responses may not be disclosed to anyone other than the classes of persons specifically designated in 70 O.S. 6-102.3 [70-6-102.3] unless the teacher who is the subject of the evaluations and responses affirmatively waives confidentiality. (JOHN F. PERCIVAL) (ksg)